UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLIE JAMES FLANDERS,

    Petitioner,

v.                                                 Case No. 1:23-cv-4-AW-MJF

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Willie James Flanders, proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondent ("the State") moves to dismiss the petition as untimely. Doc. 13. Flanders has not opposed the motion.[1] The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Flanders's petition should be dismissed as time-barred.

### I. BACKGROUND AND PROCEDURAL HISTORY

On August 22, 2016, Flanders was charged in Levy County Circuit Court Case No. 2016-CF-000318, with six crimes: (1) Sexual Battery on a Child 12-16 Years of

---

[1] Flanders's response deadline expired on June 22, 2023. Doc. 14.

Age (J.J., a 14-year-old boy) by Use of Threat with a Deadly Weapon or Physical Force, having been convicted previously of Sexual Battery on a Child Less Than 12 Years of Age; (2) False Imprisonment of J.J.; (3) Aggravated Battery on J.J. with a Deadly Weapon; (4) Resisting an Officer with Violence; (5) Burglary While Armed with a Dangerous Weapon with Intent to Commit Sexual Battery; and (6) Criminal Mischief. Doc. 13, Ex. A (Am. Information).[2] Flanders's sentence exposure was imprisonment for life. Ex. A; Ex. B (Plea Agreement); Ex. F at 25-35 in ECF (Plea Hr'g Tr.).

On November 23, 2016, Flanders resolved the charges by entering a counseled, negotiated plea agreement. Ex. B. The agreement provided that: (1) Flanders would plead nolo contendere to Sexual Battery (a lesser included offense of Count 1), False Imprisonment, Resisting an Officer with Violence, and Criminal Mischief; (2) the State would nolle prosse the Aggravated Battery and Burglary charges; (3) Flanders would be sentenced to a total term of 35 years of imprisonment with a 25-year mandatory minimum;[3] and (4) Flanders would be designated a Sexual Predator and a Dangerous Sexual Felony Offender. Ex. B.

---

[2] Hereafter, all citations to the state-court record are to the electronically-filed exhibits attached to the State's motion to dismiss, Doc. 13.

[3] The total term of imprisonment was comprised of the following sentences, all run concurrently: Count 1 – 35 years of imprisonment with a 25-year mandatory minimum; Count 2 – 5 years of imprisonment; Count 4 – 5 years of imprisonment..

Flanders entered his nolo contendere plea in open court on November 23, 2016. Exs. B, F at 25-35. That same day, the trial court accepted Flanders's plea, adjudicated him guilty of the four offenses, and sentenced him consistent with the plea agreement. Exs. B, C (J. & Sentence), F at 25-35. Flanders did not appeal the judgment and sentence. Doc. 1 at 2; Doc. 13, Exs. D, R (Docket Sheet).

On May 9, 2017, Flanders filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Ex. E. The state circuit court denied the motion on July 10, 2017. Ex. F. Flanders did not appeal. Exs. D, R.

On June 14, 2017, Flanders filed a *pro se* motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(*l*). Ex. G. On June 20, 2017, the state circuit court denied the motion as untimely. Ex. H. Flanders did not appeal. Exs. D, R.

On September 5, 2017, Flanders filed a second *pro se* Rule 3.850 motion. Ex. I. The state circuit court denied the motion on September 25, 2017. Ex. J. Flanders did not appeal. Exs. D, R.

On September 22, 2017, Flanders filed a third *pro se* Rule 3.850 motion. Ex. K. The state circuit court denied the motion on October 9, 2017. Ex. L. Flanders did not appeal. Exs. D, R.

On February 1, 2018, Flanders filed a fourth *pro se* Rule 3.850 motion. Ex. M. The state circuit court denied the motion on February 19, 2018. Ex. N. Flanders did not appeal. Exs. D, R.

On October 15, 2018, Flanders sent a letter to the trial judge, which was treated as a Rule 3.850 motion. Ex. P. The state circuit court denied the motion on January 30, 2019. Ex. Q. Flanders did not appeal. Exs. D, R.

On January 27, 2020, Flanders filed a second *pro se* motion to withdraw plea. Ex. R. The state circuit court denied the motion on February 24, 2020. Ex. R. Flanders did not appeal. Exs. D, R.

Flanders filed his federal habeas petition on January 3, 2023. Doc. 1-1 (Mailing Envelope). Flanders's petition raises four claims: (1) "Coercion [sic] by state attorney in obtaining plea, by public defender taking side with state attorney for conviction;" (2) "Coerced confession or guilty plea; improper indictment violation of 5th Amendment of U.S. Constitution;" (3) "Miranda Rights weren't given/read to me during my arrest;" and (4) "Under eighth amendment law the officers didn't know what they were arresting me for (Don't know what I was charged with)." Doc. 1 at 5-10.

The State moves to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1). Doc. 13.

## II. Discussion

A. <u>**The Federal Habeas Limitations Period**</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Flanders's § 2254 petition, because the petition was filed after AEDPA's effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

## B. Flanders's Habeas Petition Is Untimely

Flanders does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Flanders's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

Because Flanders did not pursue direct review of his November 23, 2016, judgment, his judgment became final for purposes of § 2244(d)(1)(A), at the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for petitioners who do not pursue direct review all the way to the United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires.").

Flanders's time for seeking direct review in the Florida First District Court of Appeal expired on December 23, 2016. *See* Fla. R. App. P. 9.140(b)(2)(A)(ii), (b)(3). Thus, his judgment became final—for purposes of § 2244(d)(1)(A)—on that date. The federal habeas limitations clock began running one day later, on December 24,

2016. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (AEDPA's limitations period begins to run on the day *after* the day of the event that triggers the period).

Flanders allowed 136 days of the limitations period to run before filing his first Rule 3.850 motion on May 9, 2017. As a result of the filing of his Rule 3.850 motion, the limitations period was statutorily tolled from May 9, 2017 (the date the motion was filed) until August 9, 2017 (thirty days after rendition of the July 10, 2017 final order denying the motion). *See* Fla. R. Crim. P. 3.850(k) (providing a movant 30 days to appeal from the final order disposing of his postconviction motion); *Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383-84 (11th Cir. 2006) (the federal limitations period is tolled under § 2244(d)(2), until the deadline expires to appeal from the order denying postconviction relief).[4]

---

[4] During the time Flanders's first Rule 3.850 proceeding was "pending," he filed his first motion to withdraw plea on June 14, 2017. That motion did not statutorily toll the limitations period because it was dismissed as untimely under state law and, consequently, was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)."); *Pace*, 544 U.S. at 417 ("Because the state court rejected petitioner's PCR petition as untimely, it was not 'properly filed', and he is not entitled to statutory tolling under § 2244(d)(2)."); *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318 (11th Cir. 2006) ("[W]hen a state court unambiguously rules that a post-conviction petition is untimely under state law, we must respect that ruling and conclude that the petition was not 'properly filed' for the purposes of § 2244(d)(2)."). Even if that motion had been "properly filed," it would not affect the statute of

Flanders's limitations clock began to run again on August 10, 2017, and ran for 26 days until he filed his second Rule 3.850 motion on September 5, 2017. As a result of the filing of his second Rule 3.850 motion, the limitations period was statutorily tolled from September 5, 2017 (the date the motion was filed) until October 25, 2017 (thirty days after rendition of the September 25, 2017 final order denying the motion). Because Flanders filed his third Rule 3.850 motion on September, 22, 2017, while his second Rule 3.850 motion was "pending," the limitations period remained statutorily tolled for an additional period, until November 8, 2017 (thirty days after rendition of the October 9, 2017 final order denying the third motion).

Flanders's limitations clock began to run again on November 9, 2017, and ran for 84 days until he filed his fourth Rule 3.850 motion on February 1, 2018. As a result of the filing of his fourth Rule 3.850 motion, the limitations period was statutorily tolled from February 1, 2018 (the date the motion was filed) until March 21, 2018 (thirty days after rendition of the February 19, 2018 final order denying the motion).

---

limitations calculation, because the motion was filed and ceased to be pending within the time Flanders's first Rule 3.850 proceeding was pending under § 2244(d)(2).

Flanders's limitations clock began to run again on March 22, 2018, and expired 119 days later on July 18, 2018.[5] Flanders § 2254 petition, filed on January 3, 2023, is untimely *by over four years*.

C. **Flanders's Untimely Petition Should Be Dismissed**

Flanders asserts that his petition is not time-barred for the following reason:

> Due to coerced/threatening by state attorney and body camera videos I asked to have in court before sentencing should've been grounds enough to get case overturned/thrown out if videos were watched and determined wrong only to harm defendant. And to see where the investigator told Mrs. Dexter that anything she gives them they'll use it against me to get me off the streets. And being arrested and not knowing the charges they had against me and having to get a victim to come up with charges they can put on me to get me off the streets. She had her son to lie on me.
>
> Body cam videos will show all of this.

Doc. 1 at 13-14.

Flanders's allegations do not satisfy the two requirements—diligence and extraordinary circumstances—necessary to warrant equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (a federal habeas petitioner is entitled to equitable

---

[5] Flanders's postconviction motions filed after July 18, 2018, did not trigger the tolling benefit of § 2244(d)(2), because the limitations period already had expired. *See Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1294 (11th Cir. 2008) (a state-court motion for postconviction relief cannot toll the federal habeas limitations period if the period already has expired); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Nor did the later filings reinitiate the federal limitations period. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin*, 633 F.3d at 1268.

Flanders's allegations also fail to make a colorable showing of actual innocence to overcome the limitations bar. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome a statute-of-limitations bar. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). A mere allegation of innocence is not enough; rather, "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The factual bases for Flanders's convictions for Sexual Battery of J.J., False Imprisonment of J.J. and Resisting an Officer with Violence were outlined at his plea hearing:

> MS. MUIRHEAD [Prosecutor]: The State would show that on June the 27th of 2016 the defendant committed a sexual battery against a 14-year-old here in Levy County, Florida when he engaged in anal penetration with J.J., a person who was then over the age of 12, but under the age of 16, that being 14 years old, when he penetrated J.J.'s anus with his penis, the defendant's penis, but did not do so through use of force.
>
> In addition, on that same date, the defendant committed false imprisonment when he forcibly, by threat, or secretly confined, or imprisoned, or restrained a person over the age of 12, that being J.J. who at the time was 14 years of age, without lawful authority and against his will by keeping J.J. in his bedroom here in Levy County, Florida.
>
> In addition, on that same date in Levy County, Florida, the defendant opposed or obstructed officer Ella Anderson, who was a police officer with the Chiefland Police Department who was engaged in the lawful duty of effecting the arrest of the defendant, and that he did so with violence by struggling, pushing, or fighting with the officer.
>
> And then finally, on that same date, June 27, 2016, the defendant willfully or maliciously injured or damaged personal property, that being a window blind or screen, belonging to Kizzy Dexter. And that damage in that case was $200 or less. And that was also in Levy County, Florida.
>
> THE COURT: Do you have any statement from –
>
> MS. MUIRHEAD: No sir. They're aware of this plea agreement, they are in agreement with the agreement, and they did not wish to address the Court.

Doc. 13, Ex. F at 30-32.

Flanders references the officer's body-camera footage of his arrest, but his description of what is depicted in the footage does not come close to persuading the court that, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" of sexually battering and falsely imprisoning J.J. *See Schlup*, 513 U.S. at 329. In other words, Flanders's proposed evidence is not new, reliable evidence that he is *factually* innocent of Sexual Battery and False Imprisonment (or, for that matter of resisting Officer Anderson with violence).

Because Flanders fails to make any of the requisite showings to overcome the statute-of-limitations bar, the District Court should dismiss his untimely petition.

### III. A Certificate of Appealability is Not Warranted

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation

by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's motion to dismiss, Doc. 13, be **GRANTED**.

2. The petition for writ of habeas corpus, Doc. 1, challenging the judgment of conviction and sentence in *State of Florida v. Willie James Flanders*, Levy County Circuit Court Case No. 2016-CF-000318, be **DISMISSED WITH PREJUDICE** as time-barred.

3. The District Court **DENY** a certificate of appealability.

4. The clerk of court close this case file.

At Tallahassee, Florida, this 29th day of June, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on**

**all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**